**32**

George JOHNSON, Plaintiff–Appellant,

v.

The NEW YORK CITY POLICE DE-
PARTMENT, Howard Safir, Michael
A. Markman, Patrick Kelleher, Joseph
Anamone, John W. Cronin, Eloise M.
Archibald, Vincent Mansfield, Macia
Ross, and John Does 1–10, Defen-
dants–Appellees.

No. 01–7247.

United States Court of Appeals,
Second Circuit.

Dec. 4, 2001.

Alan A. Wolin, Jericho, NY, for appel-
lant.

Kathleen Alberton, New York, NY; Mi-
chael D. Hess, Corporation Counsel of the
City of New York, Larry A. Sonnenshein,
on the brief, for appellees.

Present JACOBS, SACK and
KATZMANN, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

George Johnson appeals the district court's dismissal for failure to state a claim of his 42 U.S.C. § 1983 suit. Johnson alleges that the New York City Police Department ("NYPD") violated his constitutional rights to procedural and substantive due process by arbitrarily and capriciously determining that he was psychologically unfit for hire as an officer and by making "derogatory, stigmatizing, defamatory, and untrue statements" to other prospective employers. The district court held that Johnson, as an applicant, lacked a property interest in any job with the NYPD, and, in any event, the state provides Johnson an adequate post-deprivation remedy. We affirm.

On three separate occasions, the NYPD found that Johnson was not qualified to join its ranks. Johnson appealed each decision to the Civil Service Commission ("Commission"), but failed to await final review before filing the instant federal action. In the meantime, the Commission rejected Johnson's appeals, and on March 2, 2001, Johnson brought an Article 78 proceeding in New York State Court, challenging the Commission's decision. That action is *pending*.

■ To prevail on a substantive and procedural due process claim under the Fifth and Fourteenth Amendments, Johnson must demonstrate that he was deprived of a protected property or liberty interest. *See Hynes v. Squillace*, 143 F.3d 653, 658 (2d Cir.1998). Johnson cannot claim a property interest in a prospective job. As an applicant, he has only an "unprotected unilateral expectation" of employment. *Donato v. Plainview-Old Bethpage Centr. Sch. Dist.*, 96 F.3d 623, 629 (2d Cir.1996). However, Johnson can succeed if he can demonstrate that specific defamatory statements uttered by the NYPD deprived him of his liberty interest in a legally protected right. *See Siegert v. Gilley*, 500 U.S. 226, 233, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991); *Paul v. Davis*, 424 U.S. 693, 709–10, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Martz v. Incorporated Village of Valley Stream*, 22 F.3d 26, 29–30 (2d Cir.1994). But Johnson does not provide any factual evidence indicating specifically what the NYPD's statements were, speculating only that (upon information and belief) his failure to find other work was a consequence of NYPD calumny. Nor does Johnson allege any specific negative employment action caused by the NYPD's supposed aspersions.

■ In any event, if the state provides a meaningful post-deprivation remedy, a deprivation of property or liberty interests will not be deemed unconstitutional. *Zinermon v. Burch*, 494 U.S. 113, 125–26, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880–81 (2d Cir.1996). We have held Article 78 proceedings to provide adequate protection. *Id.* at 881. Johnson can (and is) availing himself of that avenue at present.

The judgment of the United States District Court for the Southern District of New York is hereby affirmed.